UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AHMED A.-Z.

                Plaintiff,

v.                                                                                          1:20-CV-1619
                                                                                            (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| JAMES P. RATCHFORD, ESQ.<br>  Counsel for Plaintiff<br>1207 Delaware Ave, Ste. 208<br>Buffalo, NY 14209 | JAMES RATCHFORD, ESQ. |
| FREDERICK LAW OFFICES, PLLC<br>  Counsel for Plaintiff<br>4467 S. Buffalo St.<br>Orchard Park, NY 14127 | SARAH FREDERICK, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | SERGEI ADEN, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 29.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is granted to the

extent it seeks remand for further proceedings, and the Commissioner's motion is denied.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1972. (T. 92.) He completed the 7th grade. (T. 182.) Generally, Plaintiff's alleged disability consists of herniated discs in back and neck. (T. 181.) His alleged disability onset date is January 3, 2017. (T. 92.) His date last insured is March 31, 2019. (*Id.*) His past relevant work consists of a tailor, presser, and warehouse worker. (T. 20, 182.)

### B. Procedural History

On September 28, 2017, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act. (T. 92.) Plaintiff's applications were initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On November 14, 2019, Plaintiff appeared before the ALJ, Mary Mattimore. (T. 27-81.) On January 13, 2020, ALJ Mattimore issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 9-26.) On August 31, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 14-22.) First, the ALJ found Plaintiff met the insured status

requirements through March 31, 2019, and Plaintiff had not engaged in substantial gainful activity since January 3, 2017.  (T. 14.)  Second, the ALJ found Plaintiff had the severe impairments of degenerative disc disease of the spine with herniation and spondylosis; Achilles tendonitis; osteoarthritis of the left foot; obesity; and asthma.  (*Id*.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 15.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b).  (T. 16.)[1]  The ALJ concluded Plaintiff can speak and understand basic English but cannot read or write English.  (*Id*.)  The ALJ concluded Plaintiff could lift, carry, push, and pull 10 pounds frequently and 20 pounds occasionally; can occasionally stoop, kneel, crouch, or crawl; can occasionally climb ladders, ropes, scaffolds, ramps, and stairs; and can face no concentrated exposure to fumes, odors, dust, gases, or other pulmonary irritants.  (*Id*.)  Fifth, the ALJ determined Plaintiff unable to perform past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 20-21.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

---

[1]  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. §§ 404.1567(b), 416.967(b).

Plaintiff makes one argument in support of his motion for judgment on the pleadings.  Plaintiff argues the ALJ improperly substituted her "non-medical" judgment as a lay person over that of any doctor regarding Plaintiff's limitations.  (Dkt. No. at 17-27.)  Plaintiff also filed a reply in which he reiterated his original arguments.  (Dkt. No. 26.)

### B.     Defendant's Arguments

In response, Defendant makes three arguments.  First, Defendant argues substantial evidence supports the ALJ's RFC finding.  (Dkt. No.21 at 17-18.)  Second, Defendant argues the ALJ reasonably found that, notwithstanding subsequent evidence, Dr. Lawrence's assessment was still persuasive.  (*Id*. at 18-20.)  Third, Defendant argues the ALJ was not compelled to seek out further evidence on the represented Plaintiff's behalf.  (*Id*. at 20-24.)  Third, and lastly, Defendant argues substantial evidence supports the ALJ's finding that Dr. Anand's form responses were unpersuasive.  (*Id*. at 24-28.)

## III.    RELEVANT LEGAL STANDARD

### B.     Standard of Review

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard."  *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir.

2012).  In particular, it requires deference "to the Commissioner's resolution of conflicting evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).  It is not the Court's "function to determine *de novo* whether a plaintiff is disabled."  *Brault,* 683 F.3d. at 447.  "In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks omitted).  "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."  *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' " *Brault,* 683 F.3d at 448.  The Court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [the reviewing Court] to decide whether the determination is supported by substantial evidence." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).

    **C.**    **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

(1) whether the claimant is currently engaged in substantial gainful activity;
(2) whether the claimant has a severe impairment or combination of

impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022).

## IV.   ANALYSIS

Plaintiff argues the medical opinions in the record became stale after Plaintiff was involved in a motor vehicle accident in May 2018 and a fall in May 2019; and therefore, the ALJ erred in finding a physical RFC for light work without any medical authority. (Dkt. No. 20 at 20.)  Plaintiff further asserts the ALJ erred in rejecting the November 2019 medical opinion provided by Plaintiff's treating source without re-contacting the source for clarification.  (*Id*. at 25-26.)  For ease of analysis, Plaintiff's arguments will be addressed out of order.

### A.  Medical Opinion of Renata Anand, M.D.

Plaintiff argues the ALJ erred in her evaluation of Dr. Anand's opinion because she rejected the opinion based on the check-box format, failed to recontact the doctor for clarification, and impermissibly substituted her own lay opinion for that of the doctor. (Dkt. No. 20 at 21-27.)  For the reasons outlined below, remand is necessary for a proper evaluation of Dr. Anand's opinion.

Under 20 C.F.R. §§ 404.1520c and 416.920c the ALJ must articulate how he or she considered certain factors in assessing medical opinions and prior administrative findings.  *See* 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c)[2].  The regulatory factors

---

[2]   A prior administrative medical finding is a finding, other than the ultimate determination about whether a plaintiff is disabled, about a medical issue made by the SSA's Federal and State agency

6

are: (1) supportability, (2) consistency, (3) relationship with the claimant (which has five sub-factors of its own to consider), (4) specialization, and (5) other factors. *Id*. §§ 404.1520c(c), 416.920c(c).  An ALJ must explain his or her approach with respect to the first two factors when considering a medical opinion, but need not expound on the remaining three. *Id*. §§ 404.1520c(b), 416.920c(b).  The ALJ is tasked with analyzing medical opinions at the source-level, meaning that the ALJ need not discuss each and every medical opinion in the record, and may apply the factors holistically to a single medical source. *Id*. §§ 404.1520c(b)(1), 416.920c(b)(1).

The first factor - supportability - looks at how well a medical source supported and explained his or her opinions about the patient. The strength of a medical opinion is increased as the relevance of the objective medical evidence and explanations increase.  20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  The second factor - consistency - looks at whether a medical provider's findings and opinions are consistent with those of other medical providers and medical evidence.  The more consistent a particular medical source/opinion is with other evidence in the medical record, the stronger that medical opinion becomes.  *Id*. §§ 404.1520c(c)(2), 416.920c(c)(2).

Further, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s), ... including those from [Plaintiff's] medical sources," but rather will consider whether those opinions are persuasive by primarily considering whether the opinions are supported by and consistent with the record in the case.  20 C.F.R. §§ 404.1520c(a), 416.920c(a); *see* 82 Fed. Reg. 5844-01, 2017 WL

---

medical and psychological consultants at a prior level of review in a plaintiff's current claim based on their review of the evidence in plaintiff's case record.  20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

168819, at *5853 (stating that, in enacting the new regulations, the agency was explicitly "not retaining the treating source rule").

On November 26, 2019, Dr. Anand completed a form titled "Medical Opinion Re: Ability to Do Work-Related Activities." (T. 633-634.) Dr. Anand indicated she treated Plaintiff since June 2017 for asthma, chronic back pain and lumbar disc herniation. (T. 633.) When asked if Plaintiff's ability to stand and walk was limited, Dr. Anand circled "yes." (*Id*.) When asked what Plaintiff's "max ability to stand and walk (with normal breaks)" was, she circled "2 hours." (*Id*.) When asked if Plaintiff's ability to sit was limited, she circled "yes," and indicated his "max ability to sit" was "2 hours." (*Id*.) When asked if Plaintiff's ability to lift and carry was limited, she circled "yes." (*Id*.) When asked the "max" amount Plaintiff could lift and carry on an occasional (1/3 of the day) basis, she circled "10 pounds." (*Id*.) When asked the max amount Plaintiff could frequently (2/3 of the workday) lift and carry, she circled "10 pounds less than 10 pounds." (*Id*.)[3] Dr. Anand also indicated Plaintiff needed the freedom to shift at will between sitting or standing/walking and needed to lie down at unpredictable times during an 8-hour workday. (*Id*.) When asked on average how often Plaintiff's impairments, conditions, symptoms, and treatment would cause him to be absent from work, she checked the option "more than 3 times/month." (T. 634.)

The ALJ evaluated Dr. Anand's opinion and concluded it was not persuasive. (T. 20.) The ALJ reasoned the opinion was "not supported by any significant explanation, as the form is merely a checkbox form with little to no explanation given for its findings." (*Id*.) Regarding supportability, the ALJ further concluded the opined limitations were not

---

[3] It appears that "10 pounds" and "less than 10 pounds" are meant to be two separate options; however, Dr. Anand enclosed both options in one circle. (T. 633.)

supported by primary care treatment notes "which often noted [Plaintiff] to have no distress, no continued neurological deficits, and stable asthma for extended periods." (*Id.*)  Regarding consistency, the ALJ concluded the limitations were inconsistent with evidence in the record, such as "lack of atrophy, [Plaintiff's] lack of continued neurological deficits with other specialist providers, [Plaintiff's] conservative treatment history, the opinion of [State agency medical examiner] Dr. Lawrence, and [Plaintiff's] ability to perform daily activities [. . .], such as daily childcare."  (*Id.*)

The ALJ properly considered the lack of explanation on Dr. Anand's form in evaluating her opinion.  To be sure, "the nature of an ALJ's inquiry in disability factfinding turns on the substance of the medical opinion at issue - not its form - and ultimately whether there is reasonable evidence in the record that supports the conclusions drawn by the medical expert."  *Colgan v. Kijakazi*, 22 F.4th 353, 361 (2d Cir. 2022).  "However, the extent to which a source sets forth a medical opinion without providing any explanation or rationale on the opinion form is still one valid consideration when assessing the statutory factor of supportability."  *John E. D. v. Comm'r of Soc. Sec.*, No. 6:20-CV-1143, 2022 WL 2612646, at *5 (N.D.N.Y. Apr. 21, 2022), *report and recommendation adopted sub nom. John D. v. Comm'r of Soc. Sec.*, No. 6:20-CV-1143, 2022 WL 2231095 (N.D.N.Y. June 21, 2022) (citing 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)).  To the extent that the ALJ cited to the check-box nature of the form to indicate that Dr. Anand had not provided any significant explanation on the form itself for the limitations she opined, that is a valid consideration.  *John E. D.*, 2022 WL 2231095, at *5.

9

Although the ALJ properly considered that Dr. Anand's form did not contain explanation, the ALJ failed to provide substantial evidence in the record to support her determination that Dr. Anand's limitations were not supported by her primary care treatment notes. Indeed, the ALJ impermissibly concluded the doctor's opined limitations were inconsistent with treatment notes indicating Plaintiff had "no distress, no continued neurological deficits, and stable asthma." (T. 20.) The Court fails to see how records of Plaintiff's "lack" of distress and neurological deficits are inconsistent with Plaintiff's ability to sit, stand, and or walk. *Schroeder v. Comm'r of Soc. Sec.*, No. 18-CV-1309, 2020 WL 1815755, at *4 (W.D.N.Y. Apr. 10, 2020). "To be sure, one may walk normally, have typical strength, not be in acute stress, and yet still have back issues preventing [exertional and non-exertional abilities], the findings are not mutually exclusive." *Schroeder*, 2020 WL 1815755, at *4.

Regarding the factor of consistency, the ALJ stressed the "lack of atrophy" and "lack of continued neurological deficits." (T. 20.) The ALJ appears to conclude that Dr. Anand's opined limitations in Plaintiff's ability to perform exertional postures could only be shown through atrophy and neurological deficits. The ALJ's reasoning is insufficient. In requiring very specific positive objective findings, which Dr. Anand did not even test for, the ALJ presents too narrow a reading of the record and smacks of cherry-picking. *See Javon W. v. Comm'r of Soc. Sec.*, No. 6:20-CV-06730, 2022 WL 4363786, at *3 (W.D.N.Y. Sept. 21, 2022) (collecting cases) (the ALJ may not "cherry pick" evidence).

Lastly, the ALJ's conclusion that Dr. Anand's opined limitations were inconsistent with Plaintiff's ability to perform childcare is misplaced. A claimant's "ability to engage in certain activities of daily living - such as caring for ... children, preparing meals and

washing dishes, and driving to her medical appointments" is insufficient rend an opinion "flawed."  *Claudio-Montanez v. Kijakazi*, No. 21-2027, 2022 WL 17819123, at *3 (2d Cir. Dec. 20, 2022) (citing *Colgan v. Kijakazi*, 22 F.4th 353, 363 (2d Cir. 2022)).

Although Plaintiff was the primary care giver to two children, his ability to care for his two children did not equate to the ability to perform work.  Plaintiff testified he lived with his children, aged ten and eight at the time of the hearing.  (T. 41.)  He testified that he "make[s] sure they go their food ready" and that "we clean."  (*Id*.)  However, he stated his children were mostly independent, could feed themselves, care for their own personal hygiene, and did the laundry.  (T. 42.)  He testified the vacuum was too heavy for him to operate, so his daughter vacuumed.  (T. 43.)  Plaintiff indicated in his Function Report that he cooks for his children, supervises them, and makes sure their homework is done.  (T. 192-193.)  He also indicated in the report he received help from a friend in caring for the children's needs.  (T. 193.)  Indeed, Plaintiff's children at the time of the hearing were aged eight and ten, hardly infants in need of constant physical care and attention.  Therefore, the ALJ's determination that Dr. Anand's opined physical limitations were inconsistent with Plaintiff's ability to perform childcare is misplaced and not supported by substantial evidence.

Overall, remand is necessary for a proper evaluation of Dr. Anand's opined limitations.  The ALJ improperly relied solely on a lack of specific objective findings in concluding the opinion was not consistent with evidence in the record.

## B.  Plaintiff's Remaining Arguments

As set forth above, Plaintiff has identified additional reasons why he contends the ALJ erred in her assessment of Dr. Anand's opinion and that her decision was not

supported by substantial evidence.   Because remand is necessary for a proper evaluation of Dr. Anand's opinion based on the reasons outlined herein, the Court declines to address Plaintiff's additional arguments.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 20) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 21) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated:       March 9, 2023

_____
William B. Mitchell Carter
U.S. Magistrate Judge